
George C. Paine, II
US Bankruptcy Judge
Dated: 12/08/11



# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:

| | | |
|---|---|---|
| CHARLES CLAYTON MILFORD | ) | CASE NO. 11-01358-GP3-7 |
| SHEILA LOUISE MILFORD | ) | |
|     Debtors | ) | |
| | ) | |
| ROBERT H. WALDSCHMIDT | ) | |
| TRUSTEE, | ) | |
|     Plaintiff | ) | |
| vs. | ) | ADV. PROC. NO. 11-0251A |
| | ) | |
| JAMES EDWARD JOHNSON, | ) | |
| MILLARD ANDREW JOHNSON, | ) | |
| TERRY LEE JOHNSON, | ) | |
| MICHAEL DEAN JOHNSON, | ) | |
| JAMES LESLIE GREER, and | ) | |
| REGIONS BANK | ) | |
|     Defendants | ) | |

————————————

## MEMORANDUM
————————————

Sheila Milford (Milford) filed a voluntary Chapter 7 on February 14, 2011. At the

time of the filing of her petition, Milford owned an interest in real property, consisting of

a house and property at 2992 Old Murfreesboro Road, Arrington, Tennessee 37014. This

property had been owned by Milford's mother, Katie Mai Johnson, who died prior to the

filing of the petition. The six heirs of Katie Mai Johnson include Milford, James Edward

Johnson, Millard Andrew Johnson, Terry Lee Johnson, Michael Dean Johnson, and James

Leslie Greer. They now own the property as tenants in common.

Mrs. Milford lived in the home from 2003, when her mother died in 2007, and through 2011 when she and her husband filed bankruptcy. In 2003, Mrs. Johnson borrowed $45,000.00 from Amsouth/Regions Bankto build an addition that doubled the size of the house when the Milfords moved in. With the exception of Mrs. Milford's brother, Michael Johnson, who lived in the house on three different occasions but not during the past couple of years, only the Milfords have resided in the house continually from 2003 through 2011. During that time, mortgage payments reduced the amount owed to Regions Bank to $22,497.87, with a per diem of $2.30 (as of May 13, 2010). **See Trustee's Statement of Undisputed Facts in Support of Motion for Summary Judgment & Defendant's Response to Trustee's Statement of Undisputed Facts,** Docket # 18 & 20 (Aug. 18 and 26, 2011).

After the debtors filed bankruptcy, the trustee filed a motion for summary judgment seeking:

> entry of an order which authorizes the sale and partition of the Real Property, payment of the Regions Bank lien in the amount established by the Court, a priority credit for the bankruptcy estate for the first $22,502.13 of net proceeds, an equal distribution to all six heirs of any remaining balance of net proceeds.

**Trustee's Motion for Summary Judgment**, Docket #18 (Aug. 17, 2011). The court granted in part and denied in part, the trustee's motion. The court ordered partition and sale of the property pursuant to 11 U.S.C. § 363(b), (f) and (h), and set for trial the following issues:

(1)    Whether the trustee is entitled to recoup the costs of expenses and improvements paid by the Debtors, prior to any distribution to other Defendants.

(2)    How should the net proceeds from the sale of the Real Property be distributed.

**Order Authorizing Partition and Sale of Real Property, Clearing Title, and Setting Evidentiary Hearing on Remaining Issues,** Docket #26 (Sept. 29, 2011).

At trial, the trustee relied upon the testimony of Mrs. Milford and extensive documentary evidence to show that she paid $31,506.31 on the mortgage loan to AmSouth/Regions between 2003 and 2011 when the bankruptcy petition was filed.   In addition, Mrs. Milford testified and showed that she paid the 2007 and 2008 property taxes for total payments of $33,266.31.   Her testimony was credible and unrebutted.

The trustee seeks to capture the principal reduction on the mortgage for payments made by the debtors to AmSouth/Regions before equally distributing the net proceeds to all heirs upon sale of the property.   Mrs. Milford's five brothers oppose any "off the top" priority credit, and argue that the proceeds should be evenly distributed among the heirs since Mrs. Milford paid no rent while living in the home.

This court's prior order allowing partition and sale of the property left the court to settle the distribution of proceeds.   The Tennessee Court of Appeals in **Parker v. Lambert**, 206 S.W. 3d, 1, 4 (Tenn. Ct. App. 2006) addressed this almost identical

situation. In that case, Lambert made expenditures for co-owned property in three main areas: (1) the purchase price of the property; (2) construction expenditures, and (3) payments toward the mortgage, property taxes, and homeowner's insurance. When the property was partitioned and sold, Mr. Lambert wanted compensation "off the top" for his payments. The trial court denied Mr. Lambert's request, but the Court of Appeals reversed finding:

> [A] cotenant must equally share both the burdens of land ownership (i.e., the responsibility of preserving the land) as well as the benefits of the land ownership. If one cotenant bears a disproportionate share of the burden, the other cotenants must provide compensation. Alternatively, if one cotenant enjoys a disproportionate share of the benefits, the other cotenants must be compensated. Accordingly, Lambert is entitled to be compensated from Parker's share of the sales' proceeds sufficient to equalize his burden with hers.

**Id.** at 4. The court specifically held that Lambert's payment of the mortgage was compensable:

> Lambert paid the resulting monthly mortgage obligations, since the permanent financing was obtained. The mortgage payments were applied against the underlying note, property taxes and insurance premiums via an escrow account. Lambert is also entitled to contribution for these expenditures from Parker's share of the proceeds. **Baxter v. Smith**, 211 Tenn. 347, 364 S.W.2d 936, 940 (1962); **Tisdale v. Tisdale**, 34 Tenn. 596, 1855 WL 2382, at *2–3 (Tenn.1855); Butler, 1986 WL 8593, at *2.

**Id.** at 6. The trustee's presentation of Mrs. Milford's testimony and the documentary evidence fully supports the trustee's request for compensation for the mortgage payments made by Mrs. Milford. No contradictory proof was offered. The trustee's request for the priority credit of $22,502.13 should be paid out of the sale proceeds prior to the equal distribution among the cotenants.

The brothers made no counterclaim, but argue that any credit that Mrs. Milford (and therefore the trustee) receives, should be offset by Mrs. Milford's failure to pay rent during her residency. The brothers' argument is not supported by the law. "A cotenant with sole possession of the property is liable to other cotenants for any *profits* received in excess of his or her pro rata share. **Lambert,** 206 S.W. 3d at 3 (emphasis added). **Omohundro v. Elkins**, 109 Tenn. 711, 71 S.W. 590 (1902) (same); **Johnson v. Johnson**, 53 S.W. 226 (Tenn. Ch. App. 1899) (same). There was no proof Mrs. Milford received any profits in excess of her pro rata share.

Accordingly, the court finds in favor of the trustee on all counts. The court orders a priority credit for the bankruptcy estate for the first $22,502.13 of the net proceeds, and an equal distribution to all six heirs of any remaining net proceeds. The court instructs the trustee to prepare an Order not inconsistent with this court's Memorandum within fourteen (14) days of entry of this decision.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.